Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3841 | **DATE** | 10/10/2002 |
| **CASE TITLE** | Chung vs. KPMG, LLP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 2/24/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** We grant defendant's motion (Doc 19-1) to dismiss in part and deny it in part. Ms. Chung's § 1981 claims are dismissed with prejudice. Defendant is given to October 24, 2002 to answer the remainder of plaintiff's complaint. All discovery to be completed by February 24, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 1 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONG EUN CHUNG,

          Plaintiff,

vs.

KPMG, LLP,

          Defendant.

02 C 3841

DOCKETED
OCT 1 1 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant KPMG, LLP's ("KPMG") motion to dismiss Plaintiff Dong Eun Chung's ("Chung") Third Amended Complaint (the "Complaint") pursuant to Rule 12(b)(6) and Rule 10 of the Federal Rules of Civil Procedure. For the reasons set forth below, we grant the motion in part and deny it in part.

## BACKGROUND

Because this is a motion to dismiss, we accept all well-pleaded facts and allegations in the Complaint as true and draw all reasonable inferences in a light most favorable to Ms. Chung. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Chung is an Asian female who was formerly employed at KPMG.

23

She was hired on June 7, 2000, and terminated on January 3, 2002. She has several qualifications, including Financial Risk Manager ("FRM"), Chartered Financial Analyst ("CFA"), and Certified Public Accountant("CPA") certificates. She has experience and knowledge in investment banking, commercial banking, brokering, and financial derivatives trading. Her KPMG supervisors, Jim Negus, Scott Siversen, and Fred Borchardt stated on numerous occasions that she performed her job duties well and gave her all "Strong Performance" reviews.

Ms. Chung alleges a multitude of facts dealing with her frustration at KPMG. She alleges that, despite her requests, she was not paid enough money or given enough billable work, was given unfair work requirements and high risk assignments, was not promoted enough, was denied opportunities to transfer into other practice groups, was denied overseas assignments and office transfer requests, and was not allowed to attend all expenses paid KPMG out of town meetings. Chung blames her disappointments on KPMG's alleged discrimination against her on account of her race, sex, and national origin.

On January 28, 2002, Chung timely filed a formal charge of discrimination with the EEOC. On May 30, 2002, Chung filed this action. Her latest Complaint has three counts. Count I is based on racial discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C.

§ 1981 ("§ 1981"). Counts II and III are set forth together and allege sex and national origin discrimination in violation of Title VII and § 1981.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, all well pleaded facts and allegation in the plaintiff's complaint must be taken as true and all reasonable inferences drawn in a light most favorable to the plaintiff. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). A complaint need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). Furthermore, a complaint filed *pro se* will be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). With these principles in mind, we now address the motion before us.

## DISCUSSION

KPMG moves to dismiss Chung's § 1981claims on purely legal grounds and her Title VII claims on her failure to allege a necessary element of her claims.

I.   Chung's § 1981 Claims

§ 1981 does not protect individuals from discrimination based on gender or national origin. *See Abshire v. Chicago & E. I. R. Co.*, 352 F. Supp. 601, 605 (N.D. Ill. 1972) ("The applicability of this section [(§ 1981)] is clearly limited to racial discrimination. It does not pertain to discrimination on the grounds of religion, national origin or sex."). Thus, Chung's claims for relief under § 1981 for sex and national origin discrimination are dismissed.

§ 1981 clearly protects individuals from racial discrimination in the making and enforcing of contracts. *See* 42 U.S.C. § 1981(a). We, however, have previously held that "at will relationships do not have the same status as contractual ones...." *Tucker v. Cassidy, Schade & Gloor*, 2000 WL 968828, *4 (N.D. Ill. 2000) (dismissing former employee's § 1981 claim because she was an at will employee.). At will employment cannot serve as a contractual basis for § 1981 liability. *See id; see also Payne v. Abbott Labs.*, 1999 WL 116208, *2 (N.D. Ill. 1999).

We reiterate our discussion from *Tucker* on this issue:

The Seventh Circuit has yet to squarely address this issue, and there is authority on both sides. *See Payne v. Abbot Laboratories*, 1999 WL

- 4 -

> 116208 (N.D. Ill. 1999); *Blumenthal v. Murray*, 995 F. Supp. 831 (N.D.
> Ill. 1998) (holding failure to plead factual existence of a contract is fatal
> to plaintiff's § 1981 claim); *Jones v. Becker Group of O'Fallon Div.*, 38
> F. Supp. 2d 793 (E.D. Mo. 1999); *but see Lauture v. International
> Business Machines, Corp.*, 216 F.3d 258, 2000 WL 791769 (2d Cir.
> 2000); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015 (4th Cir.1999);
> *Fadeyi v. Planned Parenthood Ass'n of Lubbock*, 160 F.3d 1048 (5th Cir.
> 1998); *Riad v. 520 S. Michigan Ave. Associates Ltd.*, 78 F. Supp. 2d 748
> (N.D. Ill. 1999). The language of § 1981 presupposes the existence of a
> contractual relationship between the parties. Because at-will relationships
> do not have the same status as contractual ones in Illinois, we find
> persuasive the reasoning of those courts which find that an at-will
> employee cannot establish the existence of a contractual relationship
> sufficient to support a § 1981 cause of action.

Tucker, 2000 WL 968828, *4. We again hold that liability cannot be based on an at will employment arrangement. Ms. Chung's § 1981 claims are dismissed.

II. Title VII

KPMG moves to dismiss Chung's Title VII claims because "she fails to allege less favorable treatment than any similarly situated person, which is a necessary element of her claim." KPMG Memorandum ("Memo.") at 2-3. KPMG further states that "[t]he allegations . . . are in large part conclusary [sic] statements unsupported by well plead allegations of fact." KPMG Memo. at 3. KPMG's argument is based on an erroneous standard. In *Higgs v. Carver*, the Court of Appeals held that a "complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts." 286 F.3d 437, 439 (7th Cir. 2002). For example, "'I was turned down for a job because of my race' is all a complaint has

to say" to state a claim for racial discrimination under Title VII. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (vacating district court's grant of 12(b)(6) motion to dismiss plaintiff's Title VII claim). The *Bennet* court explained that, under Title VII, "racial discrimination in employment *is* 'a claim upon which relief can be granted'." *Id* (emphasis added). It necessarily follows that sex discrimination in employment and national origin discrimination in employment are also claims upon which relief can be granted. *See* 42 U.S.C. § 2000e-2 (prohibiting employment discrimination based on "race, color, religion, sex, or national origin").

Chung's Title VII discrimination allegations meet the standard set out in *Bennet*. For instance, in paragraph 86 of her Complaint, she states that she "is an Asian female" and "a member of a protected class." Complaint ¶ 86; *See also id* ¶ 94. Two paragraphs later, she states that she was "discriminatorily deprived of equal employment opportunities" by KPMG. *Id* ¶ 88; *See also id* ¶ 96. Although she does explicitly allege that the discrimination was *because* of her status as an Asian female, the allegation is clearly implied as the paragraphs closely trail each other, separated only by paragraphs alleging that she was qualified for the missed opportunities. *See* Complaint ¶ 87 and ¶ 95.

Chung also asserts Title VII retaliation claims. She alleges that KPMG retaliated against her for complaining that she had been discriminated against because she was

an Asian female. Because KPMG concedes in its reply brief that she has alleged retaliation claims sufficiently, and because we agree, the motion to dismiss her Title VII retaliation claims is denied.

III. Sanctions

In her Opposition to the Motion to Dismiss ("Opposition"), Ms. Chung moves for Rule 11 sanctions against KPMG counsel. Her motion is inappropriate for procedural and substantive reasons. Rule 11 states:

> A motion for sanctions under this rule shall be made *separately from other motions* or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, *within 21 days* after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed. R. Civ. P 11(c)(1)(A) (emphasis added). Chung's motion for sanctions was not made separately but instead was included in her Opposition. Furthermore, she could not have complied with the 21-day requirement since she moved for sanctions on September 13 based on KPMG's Memorandum, which was filed on August 26! Even had Chung followed proper procedure in seeking sanctions, her Rule 11 motion would be denied because it contains no merit whatsoever.

## CONCLUSION

Based on the foregoing analysis, we grant KPMG's motion in part and deny it in part. Ms. Chung's § 1981 claims are dismissed with prejudice.

*/s/ Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: **October 10, 2002**