# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3841 | **DATE** | 9/29/2003 |
| **CASE TITLE** | | Dong Eun Chung vs. KPMG, LLP | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and recommendation recommending that defendant KPMG, LLP's motion to dismiss claims [143-1] and to enjoin plaintiff from filing or maintaining claims because of her continuous abuse of the legal system [143-2] be denied is hereby entered of record.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | SEP 3 0 2003 date docketed | |
| ✓ | Notices mailed by judge's staff. | | | 161 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials IS | |
| ✓ | Copy to judge/magistrate judge. | 03 SEP 29 PM 4:38 | 9/29/2003 date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONG EUN CHUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02 C 3841 |
| | ) | |
| v. | ) | Chief Judge Charles P. Kocoras |
| | ) | |
| KPMG, LLP, | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant KPMG, LLP's Motion to Dismiss Claims and to Enjoin Plaintiff From Filing or Maintaining Claims Because of Her Continuous Abuse of the Legal System.[1] For the reasons set forth below, the Court finds that Defendant's motion should be denied.

### I. Background

Chung brought this employment discrimination action against Defendant after she was terminated in January 2002. Since that time, both sides have filed a multitude of motions and have been in front of this Court and in front of Judge Kocoras numerous times. All other activity in this case has been stayed until the instant motion to dismiss is decided.

Defendant first complains of the quantity of filings by Chung. It points two other actions brought against KPMG which are currently pending in the Circuit Court of Cook County: *Dong*

---

[1] This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1 for a report and recommendation.

*Eun Chung v. KPMG LLP*, 02 M1 303019 (asserting ten state law claims), and 03 CH 07542 (claiming that her employment agreement is unconstitutional). Chung also filed a charge of marital discrimination before the Illinois Department of Human Rights which was dismissed for lack of evidence. Chung filed a request for review with the IDHR chief legal counsel but the result of this appeal, if any, is not know to the Court. According to Defendant, Chung has also filed at least three EEOC charges, two ARDC complaints against Defendant's counsel which were dismissed, and complaints with the AICPA and the SEC. She has made FOIA requests to the U.S. Department of Labor and has served subpoenas on KPMG's clients which have been quashed.

Defendant also finds fault with Chung's attitude to authorities that rule against her. In her appeal to the IDHR Chung wrote, "Apparently the investigator is pretending or is actually dumb . . . . It therefore should be noted that investigator already made up his mind prior to his investigation and his superiors concurred and or colluded through ignorance or malice." (Def.'s Mem. at Ex. 2.) When the EEOC investigator assigned to her complaint wrote Chung that he was proceeding with the investigation but would likely not be able to prove a violation of law, Chung responded, "How did you come to such a quick investigatory conlcusion [sic]?" The investigator replied, "It appears that we have a communications problem. It also appears that you are taking plain written language and turning it around to suit your own needs. What those needs are I still don't know." (Def.'s Mem. at Ex. 3.) Chung additionally wrote Defendant's counsel a letter stating that one of his motions to quash in front of Judge Kocoras had "created prejudice to the court" and she was afraid that she could not "get a fair trial [in front of Judge Kocoras] due to the prejudice," and that she wished to consent to a magistrate judge. (Def.'s Mem. at Ex. 4.)

Now Chung has filed a motion for this Court to recuse itself and has asked that the referral to us be vacated. That motion is among those that were stayed by Judge Kocoras' order of August 25, 2003.

Next, Defendant complains of Chung's actions during the discovery process. Defendant has filed, and won, five motions to compel. As an example of Chung's behavior, Defendant points to CDs burned by KPMG that were in Chung's possession. KPMG filed three motions to compel which were granted. Chung then submitted a sworn declaration that she had done a diligent search for documents and materials and had produced them to KPMG. Because KPMG thought her declaration was purposefully ambiguous, it filed another motion to compel which was granted on February 14, 2003. Chung was ordered to submit an unambiguous statement and warned that if she did not comply her claims could be in jeopardy. Subsequently, at her deposition on February 27, 2003, Chung testified that materials she had produced earlier (January 2003) were contained on a CD that was given to her by KPMG while she was still an employee. Chung testified that she had done a diligent search in her apartment and could not find the CD. She also testified that she had a locker in the basement but did not know if she had looked in the basement, that she thought she only stored junk in the basement, and that she could not remember the last time she had opened the locker. (Def.'s Mem. at 5-7.)

On March 3, 2003, Chung submitted another sworn statement stating that she had done a diligent search for documents and had produced all documents in her possession, custody and control. On March 10, 2003, Chung produced over 400 pages of material. In April, Chung testified at her deposition that the material she had recently produced had been found on a CD in her basement:

> Q: All right. Well, do you know, as to any of the documents that you produced on March 10th, why they were not produced before?
>
> A: I found a CD.
>
> Q: Oh, you have the CD now?
>
> A: I don't have now.
>
> * * *
>
> Q: Okay. Are there other CDs that you have related to KPMG containing their documents?
>
> A: I keep looking.
>
> Q: You're looking around still?
>
> A: Yes.
>
> Q: Where did you find the two?
>
> A: It was in the basement. Thanks for telling me.

(Def.'s Mem. at 7-8, Ex. 7.) Chung also testified that she may have sent the materials found on the CD to the media and that she provided them to regulators after her last deposition, but before the Court entered a temporary protective order two days after Chung produced the materials in March. But she also testified that she could not recall whether or not she sent the material. (Def.'s Mem. at Ex. 7.)

Furthermore, Defendant points out that the court has prohibited Chung from having direct contact with KPMG employees, has stricken harassing paragraphs from Chung's complaint, and has denied Chung's Rule 11 motion against KPMG's counsel. She calls Defendant and its

counsel "liar," accuses them of perjuring themselves,[2] and has called Defendant's attorney an "asshole" and "jerk." Chung has sought leave to file claims against eighteen additional defendants, including Defendant's counsel. She has filed a motion to disqualify KPMG's counsel. She repeatedly has sought to re-open discovery, which was closed to her as a sanction. After the district court judge suspended all activity on this case except for briefing on the instant motion, Chung filed "Plaintiff's Fee Petition" and a "Reply Brief" to six documents, none of which is the current motion to dismiss.[3] She has filed a petition for writ of mandamus to the Seventh Circuit. Although she was ordered to file her response brief to this motion to dismiss under oath, she failed to do so. She has served Defendant with notice that she intends to file a motion pursuant to Federal Rule of Civil Procedure 11 for sanctions if it does not withdraw or correct the current motion to dismiss and its reply brief.

## II. Discussion

As a preliminary matter, we note that Chung moved to file a sur-reply to Defendant's reply memorandum in support of its motion to dismiss and enjoin future filings on the grounds that Defendant brought up new arguments in its reply brief. This motion was denied by Judge

---

[2] Defendant has not set forth the specific occasions on which Chung has called it and its attorney "liars," but Chung has been more accommodating. In her Response, she says that Defendant and/or its attorney "lied about the facts," "numerous lied," "lied to the judges," "defrauded the magistrate judge, Bobrick," "lied completely," "defrauded the court," (Pl.'s Resp. Mem. at 5, 11, 12 n.11, 14 n.12, 15; and Ex. A at 2, 7, 11, 12, 16, 17, 20), and committed perjury (Pl.'s Resp. Mem. at 11). She also accuses them of obstructing justice. (Pl.'s Resp. Mem. at 1, 4, 10.)

[3] Of course, Chung could have had a legitimate fear that she might have been denied the opportunity to respond in the future.

Kocoras on September 24, 2003. To the extent that Defendant's reply does bring up new arguments or facts that are not in answer to Chung's brief, the Court will take its standard approach of disregarding those arguments or facts. On the other hand, Chung herself has not adhered to the standards for briefs filed in front of this Court.[4] Our standing order makes it clear that briefs may not exceed fifteen pages, unless leave of court is obtained first. Her response is twenty-one pages long, so we will disregard anything written on pages 16-21. Furthermore, Chung has not followed the explicit order of Judge Kocoras that her response was to be filed under oath. Because it was not filed under oath, we will disregard any contradictory factual material she sets forth.

Moving to the issue at hand, it is settled law that courts have the inherent power to impose sanctions for abuse of the judicial system. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991).[5] This power is not based in rule or statute, but rather in the ability of the courts to

---

[4] Chung may be a *pro se* litigant, but she is a savvy litigant who knows and exploits the rules. She has obviously read the federal rules, local rules, and standing order of this Court, but still only follows then when it suits her (for example, pointing out to the Court that Defendant's counsel failed to attach a copy of an unpublished case to its memorandum but ignoring this Court's order that briefs should be limited to fifteen pages). She clearly has the ability to find and analyze case law even if her citations are somewhat lacking (for example she has cited to 775 ILCS with out indicating which section she is referring to). Chung is also well-educated and intelligent. She has master's degrees in market analysis and accountancy and is a CPA (certified public accountant), CFA (chartered financial analyst), and FRM (financial risk manager).

[5] A case may be dismissed pursuant to Rule 41(b) for want of prosecution or failure to comply with orders of the court, "'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)). Under Rule 37, a dismissal may be used as a discovery sanction when there is "a finding of willfulness, bad faith or fault . . . ." *Id.* Sanctions are also available under Rule 11 for abuse of the right of access to the court. *Dreis & Krump Mfg. v. Int'l Ass'n of Machinists & Aerospace Workers*, 802 F.2d 247, 255 (7th Cir. 1986).

manage their own dockets and ensure the expeditious resolution of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Courts must also protect the integrity and credibility of the judicial system. *Barnhill v. U.S.*, 11 F.3d 1360, 1368 (7th Cir. 1993). The most severe sanction, dismissal with prejudice, may be chosen by the court, but because it is a "draconian" measure, it should be "employed sparingly and only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing." *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). The court must consider "'the egregiousness of the conduct in question *in relation to all aspects of the judicial process*.'" *Id.* (quoting *Barnhill*, 11 F.3d at 1368). Dismissal may be ordered as a discovery sanction where a party acts in bad faith or willfully. *Morris v. McMaster-Carr Supply Co.*, No. 01 C 6349, 2002 WL 1290390, at *2 (N.D. Ill. June 10, 2002); *c.f. Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (factors to be included in the analysis of dismissal for discovery violations include frequency and magnitude of the failure to comply with court orders, the effect of those failure on judicial resources, prejudice to other litigants and the merits of the case).

Defendant places great emphasis on the fact that Chung has filed suit in the Circuit Court of Cook County and has filed complaints with the IDHR and the EEOC. *See Dotson*, 321 F.3d at 669 (noting that the court could consider actions taken by the plaintiff before the filing of the underlying lawsuit). And while we might find that contumacious behavior includes the filing of frivolous and vexatious lawsuits, we are unable to conclude that the other lawsuits and complaints filed by Chung are frivolous. The EEOC routinely declines to pursue allegations of discrimination (as it did to Chung's), but this does not prevent other litigants from filing federal causes of action. In fact, filing a complaint with the EEOC is a prerequisite to filing an

employment discrimination claim in federal court. Furthermore, Chung's two state lawsuits have not been dismissed, and with no more than Defendant's analysis of the lawsuits in front of us, we are not in a position to say that they are frivolous. Additionally, the number of complaints and lawsuits brought by Chung has not yet reached a vexatious level. *See In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (affirming action of Executive Committee in imposing filing restrictions on litigant who had filed over forty cases in the state and federal courts). While the ARDC complaints against Defendant's counsel were summarily dismissed, and apparently meritless, the filing of these complaints does not warrant dismissal of this case with prejudice (although Defendant's counsel may have been sorely vexed himself).

Chung's attitude towards anyone who rules against her and her ire towards Defendant's counsel likewise does not rise to the level of contumacious conduct that demands dismissal. Name-calling is unwarranted, but litigants frequently become disgruntled with opposing counsel and the judge in front of whom they are appearing. Chung's viperous attacks on Defendant and its counsel and her repeated objections to rulings made against her and her tendency to continue arguing after the Court has ruled are aggravating, but again, do not reach that high level of frustration that warrants dismissal. The Court has the power to maintain decorum in its courtroom, but "involuntary dismissal with prejudice because of a party's disruptive conduct is a severe sanction 'and should be used only when lesser sanctions are inappropriate or ineffective.'" *See Tyler v. City of Milwaukee*, 740 F.2d 580, 582 (7th Cir. 1984) (quoting *Redding v. Fairman*, 717 F.2d 1105, 1117 (7th Cir. 1983)) (describing plaintiff's disruptive behavior of screaming in a loud voice, leaving the witness stand without permission, giving his testimony while lying on the floor, using profanity, and refusing to answer several questions).

Next, discovery in this case certainly has proceeded slowly, but does not rise to the level of undue delay. Motions to compel and motions to quash are all too frequent in federal litigation generally, and even if they have been more frequent in this case than in most, we still do not find that the case should be dismissed. Chung has been sanctioned, ordered to pay opposing counsel fees, and her discovery rights have been terminated, effectively cutting off her ability to drag out discovery much longer. She has already been punished for past discovery abuses, and her ability to commit any more violations is limited. As for the specific incident of the missing CDs cited by Defendant, Chung explained during her deposition that she merely forgot to look in the basement but she produced the material contained on it as soon as she found it. Although we note that Chung was recalcitrant and evasive in her testimony regarding her search for the CD, this incident is not supported by the kind of clear and convincing evidence of bad faith that warrants dismissal. *See Maynard*, 332 F.3d at 468 (holding that there must be clear and convincing evidence of willfulness, bad faith or fault to justify dismissal as a sanction for discovery abuses). As for the merits of the case, the parties have not yet reached the actual merits. Furthermore, Defendant has not been unduly prejudiced by Chung's actions, as it eventually received the information it sought.[6] *See Morris*, 2002 WL 1290390, at *3 (while recommending costs instead of dismissal court noted that even though plaintiff had acted in bad faith on more than one occasion he eventually "came clean"). And while the court has spent considerable time and resources on this case, we do not find that Chung has wasted resources to a degree sufficient to justify dismissing the case outright.

---

[6] We do not mean to condone evasive or dilatory behavior as long as the information is eventually produced, but we believe there are lesser sanctions that can effectively correct such discovery abuses.

The Court agrees that Chung is exasperating. She is an opposing lawyer's nightmare. Chung's flip answers at her deposition are example enough:

> Q:  Are you sure that you mailed it as opposed to faxing it?
>
> A.  What do you mean "are you sure?"
>
> Q.  Do you know that for sure?
>
> A.  Nothing is for sure, isn't it.

(Def.'s Mem. at Ex. 7.) Although clearly intelligent, her submissions are frequently incomprehensible and rambling. Most frustrating is Chung's refusal to accept "no" as an answer, and her constant requests for clarification and reconsideration.[7] We have no doubt that Defendant's counsel has been more than annoyed by her lengthy and repetitive motions and objections to rulings made against her. However, her actions thus far have not reflected a "flagrant contempt for the judicial process [that] amounts to behavior that transcends the interests of the parties in the underlying action" and that supports dismissal. *See Dotson*, 321 F.3d at 668. Taken individually, Chung's actions do not amount to undue delay or contumacious behavior. Taken collectively, we find that they still do not constitute an abuse of the judicial system warranting dismissal.

Defendant has also asked that we enjoin all future filings by Chung against it relating to the same subject matter as this suit. We acknowledge that the right of access to the courts is not absolute. *U.S. ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 674 (7th Cir.

---

[7] For example, on pages 15 to 17 of the transcript of the proceedings in front of Judge Kocoras on August 25, 2003, Chung requests the court to "clarify" his order that all activity on this case be stayed and that the matter be referred to us no less than five times. (Def.'s Mem. at Ex. 2.)

1995). "Frivolous, vexatious and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *Id.* at 671. Chung has certainly used judicial resources. Nevertheless, without a finding that Chung's other lawsuits or complaints are frivolous, or that her actions rise to the level of contumacious behavior or abuse of the judicial system, we decline to recommend that she should be enjoined from future filings. Her conduct has not yet reached the level where she should be denied access to the courts. *See e.g. In re Chapman*, 328 F.3d at 905 (affirming filing restriction on litigant who had filed over forty cases); *More v. R & L Carriers, Inc.*, No. 00 C 5583, 2002 WL 31687655, at *10 (N.D. Ill. Nov. 27, 2002) (recommending that unruly litigant be enjoined from filing future lawsuits where litigant abused the judicial system by repeatedly ignoring court warnings about frivolous filings, disregarding court-imposed deadlines, draining enormous amounts of judicial resources, and refusing to submit to the authority of the court).

Justice is best served by hearing a case on its merits. *Barnhill*, 11 F.3d at 1367. While Chung's future actions might make it necessary to dismiss this case or enjoin her from future filings against KPMG, we conclude that at the present time and with the record in front of us, there is not sufficient reason to dismiss Chung's claims against KPMG or to enjoin her from filing any more claims against KPMG.

### III. Conclusion

For the foregoing reasons, the Court recommends that Defendant's motion to dismiss Chung's claims and to enjoin her from filing or maintaining any more claims be denied.

*[signature]*
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: September 29, 2003.

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Charles P. Kocoras within ten (10) days after service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

| | |
|---|---|
| MS. DONG EUN CHUNG<br>1122 West Lunt, #2D<br>Chicago, IL 60626 | JAMES R. FIGLIULO, Esq.<br>PETER A. SILVERMAN, Esq.<br>Figliulo & Silverman, P.C.<br>10 South LaSalle Street<br>Suite 3600<br>Chicago, IL 60603 |
| *Pro Se* Plaintiff | Attorneys for Defendant |